**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES YOUNGER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )          No. 4:12CV1822 JAR |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon James Younger's filing of a certified inmate account statement [Doc. #2], which will be liberally construed as a motion for leave to proceed in forma pauperis.  For the reasons stated below, the Court finds that petitioner, a civil detainee currently being held at Fulton State Hospital, does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted. *See* 28 U.S.C. § 1915.  Furthermore, based upon a review of the petition, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a pleading filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

Moreover, in reviewing a pro se pleading under § 1915(e)(2)(B), the Court must give the petition the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Petition

Petitioner, a civil detainee currently being held at Fulton State Hospital, seeks a writ of mandamus against the State of Missouri, pursuant to 28 U.S.C. § 1651. Specifically, he asks this Court to require Butler County Court to turn over a transcript of his preliminary hearing which he believes took place on June 11, 1998. Petitioner states that he needs a transcript of this hearing to "prove his innocence," and that he

-2-

has been told by the Butler County Court officials that they do not have transcripts of preliminary hearings - only trials. Petitioner additionally seeks an order from this Court requiring the State of Missouri to tell him the name of the Deputy Sheriff who escorted him to and from the Courthouse on the date of his preliminary hearing.

### Discussion

Petitioner's request for a writ of mandamus is legally frivolous. *Cf. Veneri v. Circuit Court of Gasconade Co.*, 528 F.Supp. 496, 498 (E.D. Mo. 1981)(federal courts have no superintending control over and are without authority to issue writ of mandamus to direct state court or its judicial officers in performing duties). Moreover, to the extent that petitioner is attempting to challenge the State Court findings made during his preliminary hearing, the instant mandamus petition is without merit. Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). "[Federal] [r]eview of state court decisions may be had only in the Supreme Court." *Id.*

For these reasons, the instant action will be dismissed under § 1915(e)(2)(B).[1]

---

[1]The Court will not liberally construe the instant mandamus petition as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, because there is no indication that petitioner has exhausted his state remedies, and he has neither requested nor consented to such a reclassification. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)(in the absence of exceptional

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the petition, because the petition is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915.

Dated this 29th day of November, 2012.

_____

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction); *Morales v. United States*, 304 F.3d 764, 765 (8th Cir. 2002)(Court should not reclassify a pleading as a habeas corpus action, unless and until petitioner has been afforded an opportunity either to withdraw the pleading or to consent to the reclassification).